IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHANNAD RAHMATALLAH ABDULLA**<br>1421 Stanbridge Place<br>Vienna, VA 22182,<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE EMBASSY OF THE UNITED ARAB EMIRATES**<br>3522 International Court, N.W., Suite 100<br>Washington, DC 20008,<br><br>    and<br><br>**THE UNITED ARAB EMIRATES,**<br><br>    **Defendants.** | Civil Action No. 23-1478 |

## COMPLAINT

Plaintiff, Mohannad Rahmatallah Abdulla, by and through undersigned counsel, hereby files this action against The Embassy of the United Arab Emirates (hereinafter "the Embassy") and The United Arab Emirates (hereinafter "UAE") and hereby alleges as follows:

## NATURE OF THE CASE

1. This suit is brought against the Embassy and the UAE challenging their unlawful employment actions and for their violation of federal law, including the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), as amended, 29 U.S.C. § 621 et seq., and for their violation of the District of Columbia Human Rights Act ("hereinafter DCHRA"), as amended, D.C. Code § 2-1401 et seq. Plaintiff seeks relief pursuant to the ADEA, including, but not limited to, 29 U.S.C. § 626(b-c), and the DCHRA, including, but not limited to, D.C. Code § 2-1402.11, for harms caused to Plaintiff by Defendants' unlawful discrimination on the basis of his age, when

Plaintiff was terminated for exceeding 65 years of age. Plaintiff requests as relief, *inter alia*: reinstatement, or in the alternative, front pay (and future pecuniary losses); back pay and back benefits; unpaid overtime compensation; unpaid compensation; unpaid increase in base salary compensation; liquidated damages; compensatory damages; punitive damages; attorney fees; and such other relief as the Court deems just and appropriate, in order to fully remedy Defendants' unlawful acts;

## PARTIES

2.    Plaintiff, Mohannad Rahmatallah Abdulla, is a resident of Virginia, and was so at all times relevant to this Complaint. He currently resides at 1421 Stanbridge Place, Vienna, VA 22182. Plaintiff was employed for almost 23 years, since September 1999, by the Embassy of The United Arab Emirates in Washington, D.C in Abu Dhabi Investment Authority ("ADIA") department of the Cultural Division and later as an accountant in the Cultural Division of the Embassy. He currently is 66 years old;

3.    Defendant the Embassy of The United Arab Emirates is an office, instrumentality, arm, agency or representative of the United Arab Emirates in the United States and the District of Columbia. The Embassy has substantial contact with the United States and with the District of Columbia, and the Embassy engaged in and conducts commercial activity in the United States and District of Columbia. The Embassy's address is 3522 International Court, N.W., Suite 400, Washington, DC 20008;

4.    Defendant The United Arab Emirates is a foreign state which has substantial contact with the United States and with the District of Columbia. Defendant UAE engages in and conducts commercial activity in the United States and District of Columbia;

2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Complaint because it presents questions of federal law pursuant to 28 U.S.C. § 1331;

6. Specifically, this Court has jurisdiction over this Complaint pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.;*

7. This Court may exercise its supplemental jurisdiction under 28 U.S.C. § 1367 for the claims arising from the District of Columbia Human Rights Act, as amended, D.C. Code § 2-1401 *et seq.*;

8. This Court has jurisdiction over The Embassy of the United Arab Emirates and United Arab Emirates based on the commercial activity exception to the Foreign Sovereign Immunities Act (hereinafter "FSIA"), 28 U.S.C. § 1605(a)(2). *See* generally, 28 U.S.C. §§ 1602-1611, *see* also *Youssef v. Embassy of U.A.E., et al.*, 17-cv-2638 (KBJ) (D.D.C. Aug. 23, 2021). Further, this Court has subject matter jurisdiction over this matter for Plaintiff was not employed as a government civil servant employee of Defendant UAE and Plaintiff's actions were neither governmental, nor diplomatic or political in nature. Mr. Abdulla was hired as a third country local employee;

9. Defendants have consented to the jurisdiction of this Court as plainly stated in Plaintiff's February 7, 2011, renewable employment contract with Defendants, *See* **Ex. 1** Plaintiff's February 7, 2011 Employment Contract Clause (18);

10. The February 7, 2011 Local Employment Contract is void of an arbitration clause;

11. This Court is the proper venue pursuant to 28 U.S.C. § 1391(f) and 29 U.S.C. § 626(c). Plaintiff's place of work was located in Washington, D.C., and his supervisor was located in Washington, D.C. Defendant The Embassy is located in Washington, D.C. Defendants' discriminatory acts complained of took place in Washington, D.C.;

12.     Plaintiff's age discrimination claims are timely per 29 U.S.C. § 626(d), which allows Plaintiff to file a civil action in this Court 60 days or more after filing a discrimination charge in the Equal Employment Opportunity Commission (hereinafter "EEOC").  Plaintiff was terminated by the Embassy on May 31, 2022, and he timely filed a Charge of Discrimination with the EEOC.  The EEOC took no action on the matter and issued a Notice of Right to Sue dated February 23, 2023; which Plaintiff received on March 29, 2023 per the U.S. Postal Service date stamp on the envelope and he timely brings this civil action against Defendants within 90 days of his receipt of this Notice;

13.     Plaintiff filed a Charge of Human Rights Discrimination with the D.C. Commission on Human Rights. The DCHRC took no action on the matter and has yet to issue a response; and he timely brings this civil action against Defendants;

## GENERAL FACTS APPLICABLE TO ALL PARTIES

14. Upon information and belief, Defendants engaged in a habitual age discrimination;

15. Upon information and belief, Defendants breached their employment contract with Plaintiff by failing to provide agreed upon and standard end-of- service compensation as promised;

16. Upon information and belief, Defendants have engaged in decades long discrimination practices to the detriment of Plaintiff;

17. Upon information and belief, Defendants have enabled and allowed, despite complaints, a hostile work environment and discrimination based on age;

18. Defendants routinely have local employees work past the age of 65 and not compel their retirement, but Embassy managers asserted that Plaintiff would be terminated because of exceeding 65 years of age and engaged in a course of conduct which is arbitrary and disparate toward Plaintiff.  In contrast with the treatment of other Embassy employees,

Plaintiff's termination by Defendants was in violation of federal law and D.C. law as noted above;

19. Plaintiff suffered damages as a result of the unlawful termination by Defendants. For instance, Plaintiffs have been without equivalent income since his termination and Plaintiff had no plans to retire. All efforts to gain employment equivalent to that while employed by Defendants has been thwarted by the willful manner in which Plaintiff was terminated, specifically set forth below. Plaintiff's termination from the Embassy has resulted in Plaintiff being precluded from obtaining employment at other embassies, i.e., in his field of expertise, as termination from the Embassy effectively blacklisted his on the job market. As a consequence of Defendants' actions, Plaintiff's reputation has been severely damaged by Defendant's unlawful termination, and he has suffered emotional distress. Plaintiff's severance payment and benefits were also negatively impacted by Defendants' unlawful conduct and premature termination in breach of Plaintiff's employment contracts and Defendants promises to Plaintiff, policies and practices for end-of-service compensation;

## DETAILED FACTS RELATED PLAINTIFF'S CLAIMS

20. Born in May 5,1957, Plaintiff, Mohannad Rahmatallah Abdulla, a Sudanese and United States citizen, is a 66-year-old man with a specialty in accounting. He is a member of a protected group by virtue of his age (over 40);

21. Mr. Abdulla was employed at the Embassy for approximately 23 years. Initially he was employed as a Human Resource Personnel with ADIA from September 1999 to approximately December 2000. Thereafter, he was employed in a new position as an Accountant, with ADIA until July 2006 when ADIA was briefly closed. On August 7, 2006, Plaintiff was again

employed with ADIA which was then subsumed under the umbrella of the Cultural Division on or about July 2006 of the Embassy until he was terminated on May 31, 2022;

22. The Embassy hired Mr. Abdulla, a Sudanese and United States citizen, as a local employee to fill a staffing need. He was not a civil servant of Defendant UAE at any time during his employment;

23. As a Human Resource Personnel and as an Accountant with ADIA, Mr. Abdulla served under the Embassy's Cultural Attaché and processed all tuition payments and expenses related to foreign students studying in the U.S. under the ADIA scholarship programs and ADIA's administrative expenses of the Embassy's Cultural Division, which numbered typically 600.

24. ADIA closed on or about July 2006, within 30 days Plaintiff was hired by Defendants under the Embassy's Cultural Attaché division which reconfigured ADIA under its umbrella to absorb the ADIA students as well as the Cultural Attaché students;

25. The Parties entered into an annually renewable employment contract on August 7, 2006 ("2006 Employment Contract"); *See* **Ex. 2**; At that time Plaintiff's base salary was $4040.00 per month, plus $463 in a health insurance stipend. This employment contract did not provide cost-of-living monthly stipend which was approximately $210.00 per month contrary to decree and practices in place at the time as to all employees, including local Embassy employees;

26. On December 28, 2006, Defendants issued a decree whereby all local employees at The Embassy were mandated to receive a fifteen percent (15%) increase in their base salary, including Plaintiff ("December 28, 2006 Decree") *See* **Ex. 3;**

27. In 2006 the cost-of-living additional compensation was $210.00 and in 2008, additionally, the supplemental compensation was set at $450.00 per month for a total additional monthly compensation of $660.00. This compensation is separate and not part from the 15% and was to be

paid to local employees in addition to the 15% base salary increase noted above. These compensations were mandated for all employees of the Cultural Division, including ADIA, where Plaintiff was employed;

28. In 2007 the number of students increased to more than 2000 such students while Plaintiff was employed as an accountant in 2007. The increase of Plaintiff's workload was caused by a UAE based investigation of Dr. Alhaj, Cultural Attaché at the time. Defendants advised Plaintiff that his workload would increase, and he would process not only the ADIA matters but also all the Cultural Division student related accounts and matters until the investigation came to a conclusion;

29. Pursuant to the Ministry of Educations decrees and practices, Plaintiff was entitled to a 20% increase in base salary and related compensations for this shift to Plaintiff of work from the Cultural Divisions matters;

30. Despite multiple demands for this compensation pursuant the Ministry of Education's practice and decrees, *see* **Ex. 3,** Plaintiff was never so compensated for this extra work from another division of Defendants contrary to practices, decrees and Plaintiff's contract;

31. This increase in base salary stayed in effect between the Parties until 2010 whereby, in breach of the 2006 Employment Contract and December 28, 2006 Decree terms, Defendants without cause ended this 15% base salary compensation as to Plaintiff;

32. In 2010 Defendants, in addition to the 15% base salary increase from 2006, instituted a cost of living and a supplemental compensation as two added categories of compensation for all local employees such as Plaintiff. However, in 2010, instead of paying Plaintiff this Embassy wide additional compensation, Defendants took away Plaintiff's 15% salary increase and only provided cost-of-living and supplemental compensation from 2010 until he was fired, 12 years;

33. On February 07, 2021, at the annual renewal of Plaintiffs contract (**Ex. 1**) Plaintiff's final base salary was $6,304.00, plus $210 in cost-of-living compensation and $450.00 in supplemental compensation for a total of $6,964.00 and remained at that rate until his termination on May 31, 2022;

34. As an Accountant with the ADIA, Mr. Abdulla assisted Defendants UAE and the Embassy with their local programs, local finances and their commercial operations related thereto in the United States. He did not process any personnel records of UAE civil servants. At no time did he engage in diplomatic or political work, and he was not a UAE civil servant;

35. Mr. Abdulla was an exemplary employee at the Embassy for almost 22 years until his termination on May 31, 2022. In his almost 22 years in the ADIA Department of the Cultural Attaché Division of Defendants, he was commended for his work on many occasions and held in very high esteem by the Embassy's five Cultural Attachés under which he served;

36. During his tenure with Defendant the Embassy, Mr. Abdulla was employed as a local employee under local employment contracts. For instance, on February 7, 2011, the Embassy and Mr. Abdulla signed a contract captioned "Local Employment Contract," which had a one-year term but which would renew automatically on a successive annual basis. As a local employee and not a civil servant, Mr. Abdulla was not entitled to UAE civil service benefits or to any other benefits, rights, or remedies provided by the laws of UAE;

37. In November 2021, ADIA's Senior Academic Advisor and Manager, Ewanna Wiley, advised Mr. Abdulla that his employment contract would terminate in May 2022 for he would turn 65 years of age on his birthday May 5, 2022, per the personnel code.

38. Six months before Mr. Abdulla's termination, Senior Academic Advisor and Manager, Ewanna Wiley, told Mr. Abdulla that he had to leave the Embassy because of his age. Defendant

the Embassy, by and through its agents, told Plaintiff that he would be terminated due to age, including, but not limited to, Senior Academic Advisor and Manager, Ewanna Wiley;

39. On May 31, 2022, an additional 6 local employees were fired because they reached 65 years of age;

40. Mr. Abdulla was terminated solely due to his age. There was no other reason provided by the Embassy to Mr. Abdulla regarding his termination. Mr. Abdulla performed his job extremely well and was not terminated for cause;

41. While Mr. Abdulla was terminated on May 31, 2022, for exceeding 65 years of age, upon information and belief, other employees at the Embassy have been allowed and continue to work past the age of 65;

42. The Defendants routinely have local employees work past the age of 65 and not compel their retirement, but Embassy managers asserted in 2021 that Mr. Abdulla would be terminated because his age exceeded 65 years, engaging in a course of conduct which is arbitrary and disparate toward Mr. Abdulla's in contrast to the treatment of other Embassy employees, Mr. Abdulla was terminated by the Embassy merely for being over the age of 65;

43. After Mr. Abdulla filed his Charge of Discrimination with the EEOC, which was cross-filed at the D.C. Office of Human Rights, the Embassy did not articulate a different reason for his termination, and in fact did not respond at all. Further, Mr. Abdulla's job duties from which he was fired continued to be performed by a person much younger than Mr. Abdulla after he was terminated, and upon information and belief, this has continued to this day;

44. Defendants', through their agents/manager, told Mr. Abdulla that he had to leave the Embassy because of his age on his 65th birthday. Defendants' age discriminating course of conduct towards Mr. Abdulla was discriminatory;

45.     On or about June 2022, Defendants tried to compel Mr. Abdulla to sign a release prior to any financial performance by Defendants of amounts owned.  When Mr. Abdulla refused to sign the release prior to Defendants fulfilling their financial obligations to Plaintiffs, Defendants failed to compensate Plaintiff pursuant to his employment contract. being fulfilled. Mr. Abdulla subsequently tried to contact Embassy officials, including, but not limited to, the Cultural Attaché, Maryam Alblooshi, many times but was ignored.  The harassing conduct perpetuated by the Cultural Attaché and Defendants took place in the backdrop of exemplarily work by Mr. Abdulla who was performing the work of 3 employees in the environment of multiple division firings for age;

46.     Mr. Abdulla has suffered damages as a result of his unlawful termination by the Embassy, which was solely due to his age.  For instance, Mr. Abdulla has been without similar income since May 31, 2022, and he had no plans to retire when he was summarily terminated by the Embassy.  All efforts to gain employment have been thwarted by the willful manner in which Mr. Abdulla was terminated.  Mr. Abdulla's termination from the Embassy has resulted in him being precluded from obtaining employment at other embassies, i.e., in his field of expertise, as his termination from the Embassy effectively blacklists him on the job market.  As a consequence of Defendants' actions, Mr. Abdulla's reputation has been severely damaged by the Embassy's unlawful termination, and he has suffered emotional distress.  Finally, Mr. Abdulla's severance payment and benefits were also negatively impacted by Defendants' unlawful conduct and premature termination, and failure to pay him his end-of-service and related cumulative post-employment payments;

47.     Mr. Abdulla 's damages due to Defendants' unlawful conduct and actions include, inter alia, a loss of income and benefits; loss of employment opportunities; loss of earning capacity,

future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of his rightfully due wages and deprivation of entitlements;

48. The Embassy's action to terminate Mr. Abdulla solely due to his age was a willful action. The Embassy knew or showed reckless disregard for the fact that age discrimination is prohibited by U.S. laws, which protect local employees who work at the Embassy, like Mr. Abdulla, as opposed to UAE civil service employees, who have no such protection;

49. The Embassy committed an intentional unlawful act (termination due to Mr. Abdulla's age) and exhibited reckless or callous indifference to the rights of Mr. Abdulla.

## CAUSES OF ACTION

### COUNT I
### DISCRIMINATION BASED ON AGE
### IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT,
### 29 U.S.C. § 621 et seq.

50. Plaintiff adopts and incorporates herein by reference, as if specifically set forth herein, the averments of paragraphs 1 through 50 of this Complaint;

51. Based upon the facts described in the preceding paragraphs, Defendants unlawfully discriminated against Plaintiff Mohannad R. Abdulla on the basis of his age (born in May 5, 1957) in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.;

52. Plaintiff suffered from the discriminatory practices and policies of Defendants as averred above;

53. Defendants' violation of the ADEA was willful;

54. As a direct and proximate result of Defendants' discriminatory conduct, practices, and/or policies, Plaintiff has suffered damages, including, but not limited to, loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of his rightfully due wages and deprivation of entitlements;

## COUNT II
## DISCRIMINATION BASED ON AGE
## IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT,
## D.C. Code § 2-1401 et seq.

55. Plaintiff adopts and incorporates herein by reference, as if specifically set forth herein, the averments of paragraphs 1 through 54 of this Complaint;

56. Based upon the facts described in the preceding paragraphs, Defendants unlawfully discriminated against Mohannad R. Abdulla on the basis of his age (born in May 5, 1957) in violation of the District of Columbia Human Rights Act, as amended, D.C. Code § 2-1401 et seq.;

57. Plaintiff suffered from the discriminatory practices and policies of Defendants as averred above;

58. Defendants violated the DCHRA willfully; and

59. As a direct and proximate result of Defendants' discriminatory conduct, practices, and/or policies, Plaintiff has suffered damages, including, but not limited to, loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and

indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of his rightfully due wages and deprivation of entitlements;

## COUNT II
### Breach of Contract

60. Plaintiff adopts and incorporates herein by reference, as if specifically set forth herein, the averments of paragraphs 1 through 59 of this Complaint;

61. Pursuant to the 2006 Employment Contract and Defendants December 28, 2006 Decree, Plaintiff was to receive an increase in base salary of fifteen percent which should have been in effect until he was fired. Defendants failed to so pay Plaintiff;

62. In 2007, Defendants breached Plaintiff's employment contract by failing to compensate him for the additional work transferred to him from the Cultural Division due to a UAE based investigation which increased his workload from 600 to 2000 matters;

63. In 2010, Defendants, in breach of the 2006 Employment Contract and the 2006 Decree, removed the increase in salary from Plaintiff base compensation without notice or cause;

64. Defendants breached their 2007 renewable contract with Plaintiff by failing to pay him his 15% increase in base salary, cost-of-living and supplemental compensation when owed, end-of-service compensation and related post-employment compensation;

65. As a direct and proximate result of Defendants' breach of contract and practices, and/or policies, Plaintiff has suffered damages, including, but not limited to, loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; and withholding of his rightfully due wages and deprivation of entitlements; and

66.	Defendants' actions and inaction are the proximate cause of Plaintiffs losses.

**RELIEF REQUESTED**

67.	Plaintiff requests any and all relief provided by the discrimination laws of the United States and the District of Columbia, including, but not limited to, the following:

a.	Reinstatement, or in the alternative, front pay and future pecuniary losses under the ADEA and DCHRA;

b.	Back pay and back benefits under the ADEA and DCHRA;

c.	Maximum liquidated damages under the ADEA;

d.	Compensatory damages under the DCHRA for, *inter alia*, Plaintiff's loss of income and benefits; loss of employment opportunities; loss of earning capacity, future benefits, and future severance payment; future pecuniary and nonpecuniary losses; discharge from employment; damage to Plaintiff's reputation and career; emotional pain and suffering; embarrassment, humiliation, and indignity; inconvenience, mental anguish, and loss of enjoyment of life; withholding of his rightfully due wages and deprivation of entitlements; and other pecuniary and nonpecuniary losses in an amount to be determined at trial;

e.	Compensatory damages arising from Defendants breaches of Plaintiff's employment contracts, Decrees and practices;

f.	Punitive damages under the DCHRA;

g.	The reasonable attorney fees at prevailing market rates, costs, and expenses of this action; and

h.	Such other relief as the Court deems just and appropriate.

## **JURY TRIAL**

68. Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

Mohannad Rahmatallah Abdulla

By Counsel:

/s/
SYLVIA J. ROLINSKI, ESQ.
D.C. Bar No.430573
Rolinski Law Group, LLC
14915 River Road
Potomac, MD 20854
Office: +1-301-987-0202, ext. 1
Fax: +1-301-263-7100
SJR@Rolinski.com
Attorney for Mohannad R. Abdulla
Plaintiff

May 23, 2023