UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHANNAD RAHMATALLAH
ABDULLA,

    *Plaintiff*,

  v.

EMBASSY OF THE UNITED ARAB
EMIRATES, *et al.*,

    *Defendants*.

Civil Action No. 23-01478 (AHA)

## Memorandum Opinion

Plaintiff Mohannad Rahmatallah Abdulla sues the United Arab Emirates and its embassy in Washington, D.C. (collectively, "Defendants") alleging they discriminated against him based on his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the District of Columbia Human Rights Act ("DCHRA"), and breached his employment contract. Defendants move to dismiss the complaint, arguing that Abdulla's claims are untimely. For the reasons below, the motion to dismiss is granted as to Abdulla's breach of contract claim and denied as to his ADEA and DCHRA claims.

**I.    Background**

The complaint, which must be assumed true at this posture, alleges that Abdulla was employed by Defendants for roughly 23 years, in various positions and pursuant to employment contracts. ECF No. 1 ¶¶ 21–25, 36. Abdulla alleges that during this period, he was an exemplary employee who was commended for his work on many occasions and held in high esteem. *Id.* ¶ 35. According to the complaint, Defendants maintained and communicated a general practice of

terminating employees when they turn 65 years old, although some employees were permitted to stay past the age of 65. *Id*. ¶¶ 18, 37, 42. For example, in November 2021, a senior advisor and manager in Abdulla's department told Abdulla that "his employment contract would terminate in May 2022 for he would turn 65 years of age on his birthday May 5, 2022, per the personnel code" and he "had to leave the Embassy because of his age." *Id*. ¶¶ 37–38. Abdulla alleges that on May 31, 2022, he and six other employees were terminated because they reached 65 years of age. *Id*. ¶¶ 39–41.

According to the complaint, Abdulla filed a timely charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), which took no action and issued a Notice of Right to Sue on February 23, 2023. *Id*. ¶ 12. Abdulla then filed this action on May 23, 2023, alleging three counts: age discrimination under the ADEA, age discrimination under the DCHRA, and breach of contract. Defendants have moved to dismiss all three claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that they are untimely under the relevant statutes of limitations.

## II.  Discussion

In reviewing a motion to dismiss under Rule 12(b)(6) on statute of limitations grounds, the Court must accept the plaintiff's well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *Capitol Servs. Mgmt., Inc. v. Vesta Corp.*, 933 F.3d 784, 788 (D.C. Cir. 2019). A statute of limitations is an affirmative defense, which the defendant bears the burden to plead and prove. *Colbert v. Potter*, 471 F.3d 158, 165 (D.C. Cir. 2006) (citing *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)). The defense is thus an appropriate basis for dismissal of a complaint only "when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). The D.C.

2

Circuit has "repeatedly held [that] courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). It has cautioned that "[t]here is an inherent problem in using a motion to dismiss for purposes of raising a statute of limitations defense" because "[a]lthough it is true that a complaint sometimes discloses such defects on its face, it is more likely that the plaintiff can raise factual setoffs to such an affirmative defense." *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981). "At the motion to dismiss stage, dismissal on statute-of-limitations grounds is proper 'only if the complaint on its face is conclusively time-barred.'" *Capitol Servs. Mgmt.*, 933 F.3d at 788 (quoting *Commonwealth Land Title Ins. Co. v. KCI Techs., Inc.*, 922 F.3d 459, 464 (D.C. Cir. 2019)).

      Here, the Court cannot conclude from the face of the complaint that Abdulla's ADEA and DCHRA claims are time-barred. According to the complaint, Defendants terminated Abdulla on May 31, 2022. ECF No. 1 ¶ 12. To satisfy the ADEA's time requirements, a complainant is required to file a charge with the EEOC within 300 days of the alleged unlawful practice and, upon receiving notice that the charge is dismissed, sue within 90 days. 29 U.S.C. § 626(d)(1)(B), (e). Here, the complaint states that Abdulla filed a charge with the EEOC and, although it does not specify the date he filed the charge, it states that the EEOC issued notice that it took no action and that Abdulla had the right to sue on February 23, 2023. ECF No. 1 ¶ 12. That date is itself within the 300-day period Abdulla had just to file his charge, and Abdulla filed this action on May 23,

2023, within 90 days of receiving the EEOC's notice.[1] The complaint thus suggests Abdulla's ADEA claim is timely and does not conclusively indicate the opposite.[2]

The same is true of Abdulla's DCHRA claim. The statute of limitations under the DCHRA is one year. D.C. Code § 2-1403.16(a). Because the complaint alleges termination on May 31, 2022, and the complaint was filed on May 23, 2023, it does not, on its face, demonstrate the claim is untimely as Defendants would have to show for dismissal to be appropriate.

Defendants argue that the clock should start earlier than the date they terminated Abdulla and his complaint is therefore untimely on its face. In particular, Defendants point to allegations that in November 2021, an employee told Abdulla "his employment contract would terminate in May 2022 for he would turn 65 years of age on his birthday May 5, 2022, per the personnel code" and he "had to leave the Embassy because of his age." ECF No. 1 ¶¶ 37–38. According to Defendants, this means that Abdulla would have been on notice that he would be unlawfully terminated six months before it happened. In support, Defendants cite caselaw recognizing that, for the purposes of determining when the statute of limitations begins, "the operative fact is not

---

[1] The complaint alleges that the relevant date of the EEOC notice is March 29, 2023, when it was stamped and sent to him. ECF No. 1 ¶ 12. Because Abdulla's suit was filed within 90 days and is therefore timely in either event, the Court relies on the earlier of the two dates.

[2] In their motion to dismiss and reply, Defendants took strong issue with the complaint's failure to state "the exact date on which Plaintiff purportedly filed administrative charges," insisting that the Court order a more definite statement under Rule 12(e) and even averring a Rule 11 violation by Abdulla's attorneys for lacking a good faith basis to support the complaint's allegations. ECF No. 28 at 13–15. Defendants later notified the Court that they obtained a copy of Abdulla's administrative charges, which confirmed they were, in fact, filed during the period that Abdulla alleged in his complaint. *See* ECF No. 30 at 2. Defendants have withdrawn their motion for a more definite statement. *Id*. at 3. Presumably, they would walk back their Rule 11 accusation as well. Although Defendants concede the Court could rely on the administrative charges for the date they were filed, *see id*. at 2, the Court need not do so. As discussed, the complaint's well-pleaded allegations do not on their face show Abdulla's claims are untimely, which is all that is required at this stage.

the formal termination date but, rather, is the moment [plaintiff] learned of definite injury." *Stephenson v. Am. Dental Ass'n*, 789 A.2d 1248, 1251–52 (D.C. 2002).

This argument is unpersuasive. While the complaint states that an employee told Abdulla he would be terminated when he turned 65, there are no details from which one could infer that this was the type of concrete notice that would give rise to a "definite injury." The complaint does not suggest, for example, that the actual decision whether to terminate Abdulla was made and communicated to Abdulla in November 2021, or anytime prior to May 31, 2022. To the contrary, the complaint alleges that even though there was a "code" or practice of terminating employees based on their age, as referred to in November 2021, Defendants sometimes allowed people to stay past age 65. ECF No. 1 ¶¶ 37, 42. Drawing inferences in Abdulla's favor, as the Court is required to do at this stage, he cannot be expected to have known whether Defendants would terminate him based on his age until they made and carried out the decision to terminate him. According to the complaint, that took place on May 31, 2022, and, as discussed, the complaint does not indicate, let alone conclusively show, that Abdulla's claims were untimely.

Abdulla's breach of contract claim is a different story. That claim is, by its express terms, based on discrete actions Defendants allegedly took with respect to Abdulla's salary in 2007 and 2010. *Id*. ¶¶ 25–32, 61–64. The statute of limitations for breach of contract in the District of Columbia is three years, and each of these claims has long expired. D.C. Code § 12-301(a)(7). In response to Defendants' argument, Plaintiff asserts that these claims should run from the date he was terminated, but he never explains why his termination in 2022 should allow him to sue for salary decisions made over a decade earlier. Because the complaint, on its face, conclusively shows this claim is untimely, the Court dismisses it.

## III.     Conclusion

Defendants' motion to dismiss is denied as to the complaint's first and second counts and granted as to the third count. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:    March 25, 2025